Good afternoon, Illinois Appellate Court, 1st District Court is now in session, 1st Division, the Honorable Justice John C. Griffin presiding, consolidated case 1-9-1-9-5-3 and 1-9-1-9-7-3, Suburban Real Estate Services v. William Roger Carlson, Jr. Welcome, if the attorneys who will argue, please state your name and spell your last name for the record. Thank you, sir. John Moynihan, M-O-Y-N-I-H-A-N, for the appellants. Good afternoon, John DiTomo, D-A-T-T-O-M-O, appearing for the defendants appellees. Okay, well, you're both aware, you have 20 minutes. Council, for the appellant, do you want to save any time for? Yes, sir, five minutes, please. Okay. All right, thank you. You want to proceed? Thanks. Your Honor, this case is about whether the statute of limitations on the plaintiff's malpractice claim against their attorneys began before judgment in the underlying case. The underlying case was effectively a business divorce. The plaintiffs wanted to end a joint company that they had. Let me ask you a question. There's no dispute on the facts here, right? This is a question, a legal question, not a factual. There's no dispute on the summary judgment. Your Honor, I think there is one issue that I would argue is disputed as addressed. The reliance on evidence regarding what Judge Sheen said during a settlement conference, we argue that that shouldn't be considered. I would first argue that that's irrelevant to the determination. Okay, so if it's irrelevant to determination, it's not material, then there aren't any factual issues here. If the court's not taking Judge Sheen's comments into consideration, then I would agree with you, yes. So there was a joint company that was a vendor to the plaintiff's suburban real estate. We know the facts. We've read the briefs. Okay. What if your clients had won the underlying case? But if they had won, would you still be here? Absolutely not. We couldn't be. There would be no damages? No damages. Correct. No damages at all. The fact that they had to hire another law firm, there's no damages. Correct, Your Honor, because if we won, then the conduct that the attorneys advised us to engage in would not have constituted a breach of fiduciary duty, and therefore there's nothing to sue them for because we have no actionable damage under the malpractice. For us to be able to pursue it, we have to have a realized actionable damage and that is the loss in the lower court, or in this case, what becomes probative is whether or not attorney's fees before that can constitute a realized injury. So let's take the fact that you win the case, and under your theory, then there are no damages and everything is fine. And then the other side appeals and it's reversed and that takes three years. Yes, sir. When did the statute begin to run? I would think that the statute under Illinois law would begin to run when the appellate court reverses, particularly if the reversal is, no, it was a breach of fiduciary duty and there should be a judgment against you. There's cases where that type of fact pattern happened and it is the first time the appellate court indicates that no, you actually did lose. I think in this situation, there would be a significant problem and regularly, because then you'd be running into the statute of repose in many cases because we just don't get cases through the appellate court within five years on quite a number of times. So yeah, I would argue wholeheartedly because if my client won, then what would be the basis of the cause of action anyway? Because of the advice, my client would be barred by collateral stop on race judicata that the advice did not cause me to engage in conduct that was a breach of fiduciary duty. Therefore, ignoring the damages, I don't have a cause. I am barred by the race judicata that my client received bad advice because the bad advice did not cause me to engage in a breach of fiduciary duty. We had one and I think that's the nature of the Lucy decision and the Ornick decision where they clearly indicate where it is a defendant in the underlying case. It's the loss because your honors hit the exact thing because that defendant could win the case and because they could win the case, that would mean there are no damages and there's no actionable damages for them to know of until they've lost or as in Gorin, until a court has entered a finding of attorney neglect. And so in Gorin, the critical thing related to the attorney's fees was there were two different types of attorney's fees. One was just the regular representation. The other, which was roughly $1,300 was the legal fees to correct the appellate brief and the appellate record because the lawyer had failed to file the rules and the appellate court ordered the brief and the appellate record to be fixed. Let's talk about this case. Even if you won, okay, you won that lawsuit. Yes, sir. If it hadn't been malpractice, it wouldn't have been that lawsuit. You're saying, I just want to ask, I want to make sure because it seems to me that your client fired the lawyer and substituted counsel and it was even said that there was an investigation, there was grave negligence here, is the words they would use in a communication, and that means nothing. That means even if you had won, you still, your client had to pay all those attorney fees and you're saying that's not damages. They weren't injured. They have to pay all those attorney fees because of what occurred. You're saying that that doesn't matter and nobody could recover those attorney fees. Yes, your honor. I'm 100% confident of that. And what is your basis for that confidence? Because the situation is, your honor is assuming that there would have been no lawsuit absent malpractice. So you're assuming malpractice. I'm not assuming malpractice. I'm assuming that as a result of what the attorney did, new counsel was retained and a lawsuit involved and that new counsel had to defend that lawsuit. All of that was a result of a decision made by the lawyer. That is still negligence. It's still negligence. Whether you win or lose, isn't that still negligence? And you're saying that your client who was out, let's, I'm going to make it up a number, $100,000 extra as a result of what the attorney, the first attorney did. They're just out. That's just, that's the way life is. You can't do anything about it. Nobody can do anything about it. The law says your client cannot recover $100,000. Correct. Because, because again, you are assuming malpractice because if the lawyer's advice did not fall, the hundreds of lawsuits in Illinois are filed because a party disagrees with something the other people did. They can claim it's a breach of fiduciary duty. If the court says, no, it's not, then my client cannot argue in a subsequent case against the lawyer that the lawyer gave me advice that caused me to breach my fiduciary duty. So if it's just the lawyer gave me advice that caused me to be sued, that happens all the time. It is not a basis for a damage claim for a malpractice. Just because a lawyer engaged, gave advice that resulted in somebody getting sued, that doesn't cause an injury that's recoverable. It is if the lawyer gave advice that caused a breach of fiduciary duty in our case, or in the other cases, they drafted a contract that was unenforceable under Illinois law. It's that nature. It's the lawyer's misconduct. We can't allege that the lawyer engaged in misconduct in this case, if we want in the underlying case, because that would mean the lawyer's advice didn't cause me to breach my fiduciary duty. And since it didn't, there's nothing for me to sue the lawyer for. So are you saying that we have to disagree with Fagel-Haber case? We have to distinguish it? I don't know if we can distinguish it, but it would seem to me that that case helps resolve this case. Your Honor, I think actually it is absolutely distinguished, because in that case, and specifically identified in the Nelson case on which it relied, the significant emphasis was a difference between whether the client was a defendant in the underlying litigation or the plaintiff. And that's this court in the Nelson case made that significant distinguishing factor to say why Lucy doesn't control the Nelson decision. That was how- I mean, those cases were both where- Which cases, Your Honor? I'm sorry. Fagel-Haber and Nelson have a different factual pattern. But that doesn't mean they don't apply. The question the application has to do, in my view, is what it reasonably should have known of the injury. That's the issue in all those cases. Your Honor, I think the issue is, they are a different fact pattern that is critical, as explained in Nelson. When you are a plaintiff, okay, so take in Fagel-Haber. They were a plaintiff. They were suing because they had not collected their attorney lien, or not their attorney lien, I'm sorry, their mechanic's lien. So they pled in injury. We have not received our funds related to our mechanic lien. They are pleading their injury in the underlying case. That is the defendant. And that was explained explicitly in the Nelson case, where you are the plaintiff, and you're alleging the injury that relates to the attorney's advice. You're not getting into a new or should have known because you're pleading it. And therefore, it is the injury. And you're pleading it. It's not a question of new or should have known when you're the plaintiff in the underlying case, because you actually plead the injury that you're relying upon, in both the Nelson case and in the Fagel-Haber case. And again, it's this court in the Nelson case made that distinction, because otherwise, if you go to Lucy, Your Honor, and so Fagel-Haber and Nelson are both being differentiated from Lucy, because the defendant is, they were a plaintiff in the underlying. In Lucy, it's the client, very similar fact pattern to here. The client, instead of taking the employees, took customers. It's sued for breach of fiduciary duty. It's a new lawyer. New lawyer says, hey, they screwed up. We're filing a lawsuit. Before the underlying case is resolved, they filed a lawsuit in Lucy. They allege attorney neglect. They allege injuries that are attorney's fees. We're having to incur attorney's fees because of their neglect. This court said, no, those attorney's fees don't cut it. We understand you're coming in and you're suing. We understand you're pleading it. But until you have a loss in the underlying case, or this court in the Lucy specifically said, the attorney's fees, where the attorney's fees are identified by a clear judicial finding of neglect, as happened in Gorin. That's why if you can't, Lucy and Warnock are clearly, we're further to the safe side than Lucy and Warnock. Warnock, this court reversed. The underlying case in Warnock was the client defendant had their lawyer draft a contract with liquidated damages, a real estate contract, when the buyer failed, they took the money out of escrow and gave it to their client. They get sued because the contract's unenforceable because it also included a reservation of other rights for damages. Under Illinois law, crystal clear, you can't do it. It's an unenforceable. The underlying case is resolved as a judgment on the pleadings. The trial court said, hey, it's when it's reasonably new or should have known. This court reversed and said, no. Yes, incurred fees. No, that's not when it is. There has to be a clear finding as there was in Gorin. If you're going to rely on attorney's fees to be an actionable damage, there has to be something. Think about for a second what happened in Lucy. We have a situation where in Lucy, the client said, I have been injured. This isn't a new or should have known. It's I am pleading, they engaged in neglect and we were injured. This court reversed or said, you're premature. You affirmed the decision that it's premature. You can't bring it because you haven't suffered it. So the only time new or reasonably should have known comes in is when there is already an actionable injury. The newer should have known doesn't create the actionable injury. You have to have an actionable injury first, and then you have to ask whether you knew or should have known it. Here, and that's a significant difference here in this case, we don't have an actionable injury. We don't have a judgment until, if it's based on the judgment date, we're fine. In terms of the attorney's fees, you have to have some court, as in Gorin, as explained explicitly in Lucy and in Warnock, some court saying, if you're the defendant and you're sued, the fees, if you want to recover, there has to be some type of judicial finding. Could be the judgment, could be something before that. Here, we don't have that. We cannot treat judge, assuming you're accepting, and then we do have a question of fact that precludes this, Judge Sheen's testimony, or Judge Sheen's- But even putting that aside, put that aside. But where, I mean, section 13-214.3b does not, the statute of limitations, doesn't say anything about a judgment or going to trial and so forth. It doesn't mention that at all. So where do you get that? I mean, it simply says new or reasonably should have known of the injury. So- Right. I'm sorry, Your Honor. I'm sorry. No, go ahead. Again, it's new of the injury. New or reasonably should have known. Right. We're not talking about the new. I'm not quibbling about the new or whether it's reasonably should have known. The issue is the injury. Under this court, repeated decisions, Lucy, Warnock, Gorin, there is not an injury from a judicial finding of neglect. So whether you knew or should have known is irrelevant until there is an actual injury. And this court has repeatedly said an actual injury where you are the defendant in the underlying case does not occur until judgment, or if you're talking about fees, until there is some type of judicial finding of neglect causing the fees. As in Gorin, the got to redo it. They incurred $1,200 or $1,300 in fees, and the court differentiated. Those fees were actionable. That was an actionable injury. The other fees that were incurred were not. So are you saying- Because there's a specific judicial finding of neglect, that's what allows. And as you talk about in both in the decisions from this court and Lucy and Warnock, it's because there's a clear finding of neglect that triggers it and says, now it's an answer. Now it is a viable injury. And now the question is, knew or should have reasonably known. You only get to knew or reasonably should have known if you have a realized injury. And we- So are you saying then that there are no cases that you're aware of where a judicial finding of neglect was not made, not made, no judicial finding of neglect, and yet attorney fees were awarded in a malpractice action? Where the underlying, the client was a defendant in the underlying case, I am not. Okay. Where there were plaintiffs, yes, absolutely. The pageant case- You're saying with the defendant, no. You know of no such case? Correct. Okay. I mean, the police cited a couple of cases arguing the point that they're really not there. All they're saying typically, basically are that attorney's fees can be a recoverable damage. We're not arguing they can't. We argue they can be. The question is, when do they become an actionable injury? And so that would be the Nettleton case. And I don't remember the name of the other one off the top. And then the Bass case did nothing more than say you could state the case was proper. And so no, I am unaware of any case. And otherwise, your honor, we're in a situation where, I mean, it is clear that under the Lucy decision, and I understand Lucy decision may not be viable if what you're telling me, if that's where you go, but under the Lucy decision, had my client filed a lawsuit before the end of the case, under the Lucy decision application, it would get dismissed. It cannot be that my client, if they file before judgment is dismissed. And if they're filed after judgment, they're barred. That cannot be the case. Otherwise you're creating immunity. And there is nothing to change. There is no literally, I mean, remember the fact pattern and Lucy, instead of taking employees, it's taking customers. There is absolutely no space between the facts and Lucy and the facts in our case. They tried to bring a lawsuit and this court said, you're premature. They brought the lawsuit specifically on attorney fees, encouraged to defend the case. And this lawsuit said, no. So if Lucy had been applied, if we had filed Lucy would have caused us to be dismissed. We cannot be dismissed because we didn't file when, if we had filed Lucy would have caused us to be dismissed. There's no way to reconcile those two things. And so, you know, I would argue that the differentiation between whether you're a plaintiff or defendant in the underlying case, I agree with you that otherwise Fagelhaber is on point. That's the distinguishing factor. I think the one issue that I would question, I mean, where I argue, if I'm forced to argue against Fagelhaber, is when they're differentiating Lucy and Warnock, it's disingenuous. Lucy, they pled the injury. There cannot be a statement that Lucy, there's no way they could have known the injury. They pled the injury and the case was dismissed. In Warnock, the lawyer drafted a liquidated damage clause into a contract that was unenforceable under Illinois law. The litigation proceeded trying to make somehow get around that. There is no way that the lawyer did not know, the new lawyer did not know their entire defense was trying to get around that liquidated damage not being enforceable. Okay. And so there's no way to say that the, in Warnock and in Lucy before the judgment that they didn't know or should have known of this. Warnock was a judgment on the pleadings. Our case, they had to go to trial. I mean, we're literally, we're not as far down the line as Lucy or Warnock. And so if this case is affirmed, there has to be a clear indication that those cases no longer control. And this is changing, which I would posit, and I know this is inconsistent with the Fagelhaber decision, but I would posit that's going to create a problem because if you put lawyers into a situation, every time they come in, if there's any legal fees that they're incurring, because their predecessor did something wrong, whether, even if it's having to redo discovery, they've now incurred legal fees because of some problem and their statute started. And you're going to have, you're going to be having to tell your clients to file cases immediately. And I think the, the mechanism that this court has right now with an actionable injury, which has been the law for darn near my entire practice. But the law doesn't, the law doesn't say actionable. I think it's a real. The law says, the statute says two years from the time the person bringing the action new or reasonably should have known of the injury for which damages are sought. That's the standard. Right. But the injury, your honor, this court has defined what an injury is for legal malpractice purposes and legal malpractice purposes. And this was this court in Lucy. It is the realized injury to the client, not the attorney's misapplication of the expertise, which marks the point in time for measuring compliance with a statute of limitations period. In Lucy, same exact fact pattern. We have same exact argument of it. Hey, the attorney's fees to defend constitute a realized injury. And this court said, no, that is not a realized injury because there is not as in Gorin, a judicial finding. And there's no way this client defendant can say they have an injury because they could win the underlying case. This court, this first district specifically said be in pageant because they could win the underlying case. You don't know. I think it was pageant may have been Lucy. And that's the whole reason why, until there's a judgment or in the context of fees, there's a clear judicial finding of neglect. You cannot have, you don't have a realized injury. A realized injury is again, is that from the Lucy case? Okay. Your, your, your time is pretty much up. Thank you. Thank you, sir. Counsel. Hey, please. The court again, my name is John Dittomo. I represent the defendants at Belize. Uh, obviously we rely heavily on the fable Haber decision from 2019, as well as the Nelson decision from 2016. Um, but I think it's important to note that the applicable legal principle from both of those cases is not new or novel. The plainly obvious standard or notion is referenced in the Lucy decision from 1998. Similarly in the Warnock decision from Lucy. Uh, do you agree that if this case had brought earlier, uh, when you say it should have been brought that under Lucy, it would have been dismissed as premature. Judge, it would not have been dismissed. It would not have been premature because our position is they incurred actionable injury, at least beginning in 2010, when they were forced to defend a lawsuit that was brought and filed by their own admission entirely because of the advice given by the attorneys that they've sued. But if this lawsuit, but if they won that lawsuit, it's gone. They didn't do nothing wrong. And that's, that's just the price of litigation. I mean, the difference between except what your opponent is saying, uh, the problem here is that we have a case where they're the defendant, not the plaintiff. And as a defendant, are you aware of any case where there has been attorney fees awarded prior to a judicial order? Just tell me, yes or no. Do you know of any such case? Judge, I believe we cited one or two in our brief where, I believe it's the Palm Rose decision where, um, certain estate beneficiaries were sued. The, uh, it's cited in our brief judge. If you give me a moment, I can find it. But I think the relevant principle is yes. Attorney's fees incurred to defend a lawsuit is a cognizable damage in a malpractice action against the lawyer. So regardless of the outcome. But what, but in that case, I don't recall often in the facts. Do you recall whether there was, uh, uh, the case to prep prejudgment with the issue? What was the issue in the statute of limitations there? I believe it was judge and I can get you the site if, uh, yes, it's actually on page 12 and 13 of my brief. It's the Palm Rose decision to 84 ill app third at six 45. The relevant principle is that the payment of attorney's fees to defend against claims contesting the validity of the will triggered a statute of limitations for purposes of legal malpractice, regardless of any adverse judgment or finding of attorney neglect. Those were recoverable damages, irrespective of any adverse judgment. Just to complete the thought. My point is that this plainly obvious standard is not new or novel. It's been mentioned in the Lucy case from 1998. None of the cases hold that absolutely as an absolute rule unless and until there is an adverse judgment or a finding of attorney neglect that the statute of limitations will not commence. As I said more than 20 years ago, the plainly obvious standard was noted. Similarly, in the Warnock decision, the court used slightly different phrase painfully obvious. If the client is apprised of sufficient information at the time to conclude or reasonably should conclude that he or she has been injured as a result of attorney neglect, that will trigger the statute of limitations. The question doesn't matter whether the judge Sheen made that comment or not. Is that critical to your case? I mean, it's a relevant fact, Judge. I don't know that it's critical. I think the attorneys then, upon learning that information, successor counsel concluded, as Your Honor has pointed out, that there was some grave negligence. It caused them to consult with malpractice counsel. It caused them to go back to their and have the client go back through his correspondence with prior counsel three years before in 2010. He forwarded those emails to his successor counsel for purposes of analyzing a potential malpractice case. If they didn't suffer injury in 2010 when they incurred attorney's fees, they certainly incurred injury in April of 2013 when they paid their successor counsel to investigate a potential malpractice claim against their prior counsel. Certainly there can be no question at that point that was a cognizable injury. Yes, Judge Pierce. Thank you. It seems to me that we're losing the distinction between an injury and damages. You know, in tort law, you can have damages without liability. You can have liability without damages. It seems to me that until a client is made aware that there is malpractice, he has no basis for pleading contractual or tortious or breach of you're going to spend money and incur monetary damages. In this case, had there been a finding of no liability, there would be no case against the lawyers. So are we putting all clients on notice that you better within two years of any claimed malpractice, obtain your experts, get your discovery, do everything else to establish that you have a cause of action because you're spending lawyers' fees to defend a separate action? That's the dilemma because every lawyer, in my view, every lawyer who's practicing, as counsel said, once a hiccup occurs or a mistake is made, now do we have an obligation to tell the client, hey, you know, I made a mistake. You better think about suing me for that malpractice, for alleged malpractice? Judge, I don't believe that concern is relevant here. And when I say that, I rely on the client plaintiff's own allegations. If you look at what he pled in his complaint, he says the defendant lawyers reviewed and approved every of these actions set forth in this June 1st letter. He says I got sued because I took the actions set forth in that June 1st letter. A TRO was entered against me because I took these actions set forth in the June 1st letter. And ultimately a judgment was entered against me because I took the actions set forth in this June 1st letter. So this is not a case to, if I could quote from the Nelson decision, this is not a case where the connection between the financial loss and the attorney negligence is faint or too complex for a layman to grasp. Here it was clear in 2010 he got sued because he took the actions his attorney, if you believe him, he got sued because he took the actions his attorney told him to take. Are you saying that the TRO was the determination that there was malpractice? I will not say that judge. Certainly a TRO is a provisional ruling. It's not a final ruling. But again, if I can circle back to my initial comments, there is no rule that you need an adverse judgment or a clear finding of neglect. Generally that will trigger liability. You need liability and damages, right? So when does liability become known or should have been known that the attorney was liable for malpractice? Judge, I don't know that that's the relevant question. In the cases say the client does not need to know there's a malpractice claim. The client does not need to know a particular defendant engaged in malpractice. The client does not need actual knowledge of an injury. The client, so long as he or she is apprised of sufficient information to reasonably conclude he or she has been injured, he or she has a duty to investigate further and present a claim in a case. I don't believe there is an actual, I know there is not an actual knowledge standard. And again, that's reflected in the case law. Newer should have known. Yes. And if I could judge, Justice Griffin pointed to a read from the actual statute and it says reasonably should have known of the injury for which damages are sought. And in this as we point out in the briefs, the plaintiffs seek damages consisting at least in part of all of the attorney's fees they incurred defending the breach of fiduciary duty claims in the underlying action. So they seek the damages sought are those attorney's fees. They incurred those attorney's fees in 2010. And our position is they knew or should have known at that point, if not then certainly in 2013, that they had been injured as a result of alleged attorney neglect. But if the lawsuit had been filed, you know, within three weeks of this problem developing, the defendant attorneys would have claimed, where's the liability? What did we do wrong? They would have to establish liability. And if they were diligent and move quickly on their claim, defending their claim, the plaintiff could never establish liability because the liability would be established in the third party lawsuit. Well, and I believe that the Fagel-Haber decision addresses that circumstance. And there's a couple options, even though there's not a resolution to the underlying litigation. What if the options aren't available? What if the lawyers don't want to stand still agreement? What if they don't want to tell the statute of limitations? There's no obligation to do so. They would still be in a situation where there's an allegation of malpractice. Yeah, they're spending money on attorney's fees, but there's been no finding of malpractice. So where is the liability on the part of the lawyers until the underlying lawsuit is resolved? Again, Judge, there does not need to be liability established to trigger the statute of limitations. It is triggered when the client suffers injury and coupled with the client's knowledge or should have known of information from which he or she should reasonably conclude, I have been injured. It's not even I've been injured by the attorney. I have been injured. Something happened here that creates a duty to inquire further. And I agree, Judge. And I believe the Nelson court says this is a balancing between forcing clients to file a malpractice suit. On the other hand, there's countervailing policy considerations, which I think are directly applicable in this case. We're in August of 2020. The underlying events here occurred a decade ago in August of 2010. That's why we have the statute of repose. The defendants had no contact with the During that time, not surprisingly, attorneys that worked on the matter left the firm, the firm changed computer systems, the firm moved offices, the firm merged with another firm. The purpose of the statute is to encourage the assertion of claims within a reasonable time so that evidence is not lost. And in this case, here we are. And assuming or depending on the outcome of this appeal, we're talking about trying this case more than a decade after the events at issue. But here or there, it seems. The question is, as Justice Pierce is indicating, on the question of liability, you say it's a slam dunk because they knew or should have known. That's what you're saying. On liability, back in at least 2013, if not earlier, it's a slam dunk. Why isn't that speculation? They don't know it was a slam dunk. In fact, it could have gone the other way. You don't until the court rules because otherwise, again, as Justice Pierce alluded to, where's the liability? Judge, it's interesting because when you look at Nelson and some of the other decisions, they say adverse judgment, a loss of the plaintiff's claim in the underlying litigation or a settlement. Okay. And so assuming that is true, the statute of limitations will commence even when there is a settlement. So there is no finding. There is no clear finding of attorney liability. There is no adverse judgment. But there's a settlement. There's a resolution. All those things are resolutions as opposed to speculation. We know speculation isn't enough. But again, some kind of settlement is a resolution. But Judge, if I could, refer back to the Fagel-Haber decision. At the point in time the statute of limitations commenced, there was no resolution. The attorney discovered the error. There was no settlement. There was no loss to the construction company at that point. The settlement occurred after that. The finding, the conclusion that the statute was triggered was because successor counsel got involved, researched the issue, and took efforts to mitigate or minimize the effects of the alleged attorney negligence. That was the starting point. There wasn't a settlement. There wasn't a clear finding. It was the attorney getting on board, and that attorney's knowledge is imputed to the client for purposes of running, triggering the statute of limitations. As I said at the very beginning, none of these cases say as an absolute rule, you need an adverse judgment, you need a clear finding. I think that's all I have to say. Anybody, Counselor, you have anything else? Anybody have anything else? Okay, Mr. Moynihan. Thank you, Your Honors. I think the one thing I would like to focus on on that exchange is there was a specific question, differentiate Lucy. They can't. He didn't. He went to, oh, Lucy talks about plainly obvious. Yes, in Lucy, it's plainly obvious, but what was plainly obvious? It was in Lucy, what was not plainly obvious, the lawyer tells you you can take the customers. No, that's not plainly obvious. We have the same fact pattern. Additionally, in Lucy, this isn't a situation where he's saying we should have known or my client should have known in 2010 or 2013, the successor lawyer came in, in Lucy, said it's negligence, said you're incurring attorney's fees, those are damages, filed a lawsuit. And the first district said, no, it's premature. There is no way that, and that's why he cannot and did not differentiate our fact pattern from Lucy. We are the identical fact pattern in Lucy, except for one thing. Well, two things, one, it's employees versus customers, but two, we didn't file the lawsuit. And what Lucy tells us, had we filed a lawsuit, it would have been dismissed as premature. And you can't, you can look at the plainly obvious in whatever language you want, but look at the fact pattern that this court applied it to. In this court, in Gorin, it was a judicial finding. This court said, plainly taking somebody's customers is not plainly obvious. It cannot be that taking somebody's employees is. And there's a couple of other things that I want to talk about. The, what do we think would have happened if we had been allowed to file a lawsuit and we prevail, and then we prevailed in the underlying case? Would that make any sense that the lawyers would have to pay us for committing negligence when we now have said there's a that makes no sense. Additionally, when they talk about it being a slam dunk, that this is so clear, they knew or should have known in this case, they are denying that they engaged in malpractice. How does it make sense that they can deny it, but my client knew or should have known it occurred. And I think judge Pierce and judge Hammond, you hit the nail on, there's a difference between the liability and the injury that has been crystal clear in all of the, the decisions in Illinois related to this. And you don't have an injury just because you've incurred legal fees. If you're going to talk about legal fees being an injury, Gorin, Lucy, Warnock, all explain the judicial finding. If you are, if you are not pleading the injury in the underlying case. And that's where we're at. We, this case, I mean, we, we are literally as close as you can be to Lucy, other than we didn't file. We can't file because Lucy tells us we're not supposed to. So my client doesn't follow file following Lucy. That's the one thing that they're ignoring is the advice my client received on that malpractice is in the record is you don't have a case because of Lucy. So my client doesn't file. And now they're arguing, Oh no, no, no. Now you should, but you should have filed. If my client is can't file because of Lucy, they cannot be punished because they didn't file. And that's really what we're talking about here. So if Lucy is still viable, which I believe it is. And I believe that there's a, there's a very clear distinction between fable Haber and our situation as identified specifically in the Nelson case, fable Haber relies on. We were the defendants in the underlying litigation. They were the plaintiffs who pled the injury. You don't think there's a difference with Lucy and taking clients versus taking employees? Oh, I, I, me personally, I think it's actually much clearer that taking customers is a breach of fiduciary duty. So yes, I do think there's a difference. That's why I say we're further to the, the like the, the, what I'll call our good, because I don't think we're as bad a fact pattern as Lucy. And we're clearly not as bad a fact pattern is Warnock where what they did was as a matter of law, he, he drafted a contract that couldn't be enforced. I mean, that's why I say, if you look at us and you apply Lucy and Warnock to our case, there's no way this can't be reversed unless you say we're Lucy and Warnock no longer apply because we are, we fit those fact patterns, you know, with extra support on our side, because our facts are not as bad as the facts in those two cases. Can I say one thing? Go ahead. Just to distinguish it's one sentence. It's in our brief page 18. The case is distinguishable because the plaintiff did not allege attorney's fees as injury. This is in my brief. The quote is at page 352 in the Lucy decision. The court says, quote, the trial court dismissed plaintiff's complaint with prejudice on the basis that the only harm alleged by plaintiff was the filing of the underlying lawsuit. End quote. That's not this case. As I pointed out, they are like, okay, let the council, the owner respond to that. Yeah, I have one additional thing, but yes, your honor, when this court expressly addresses the attorney's fees as actionable as a realized injury for damages, it's absolutely part of the Lucy case. But the second thing that I just wanted to mention is the, um, Paul Morales case. That was a will contest. I don't believe that there was a, there was an underlying litigation as there was here. It was a, a, a argument that because they did the will wrong, even forces to incur attorney's fees related to that. So no, I still stand by. I do not believe that there is any case where a defendant and an underlying litigation such as ours, um, what their statute was barred, uh, before some, some type of finding. That's all great. Okay. Well, thank you very much. We really appreciate it. Uh, good work on the briefs. Good work on the argument. Uh, you'll be hearing from us soon. Thank you.